STATE OF NEBRASKA, APPELLEE, v. LARRY ROBERT SIX, APPELLANT.

203 N. W. 2d 508

Filed January 19, 1973. No. 38579.

C. F. Fitzke and James T. Hansen, for appellant.

Clarence A. H. Meyer, Attorney General, Warren D. Lichty, Jr., and John P. Regan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

The sole question involved in this case is whether a sentence of 2 years to the Nebraska Penal and Correctional Complex for a crime of forgery is excessive. We affirm the judgment and sentence of the district court.

The appellant was originally charged and pled guilty to the crime of forgery. He was placed on probation. The sentence involved in this case was imposed because of the appellant's violation of the conditions of his probation. The record reveals that during the period of

his probation the appellant pled guilty to a charge of driving while under the influence of alcoholic liquor in Scotts Bluff County, Nebraska; further shows that he did not submit reports to his probation officer for the months of January, February, and March of 1972; and that he moved from the State of Illinois to the State of Wyoming without the permission, knowledge, or consent of his probation officer. Although able to do so, the appellant has not paid for the costs of the prosecution or made any attempt to make restitution, all in violation of the conditions of his probation. Besides the conviction for drunk driving, the appellant violated a specific condition of his probation (number 3) requiring that he not drink alcoholic liquor of any nature whatsoever, nor enter into any place where alcoholic liquor was sold or consumed. The evidence also shows that the appellant admitted driving a motor vehicle while his driver's license was suspended as a result of the charge of drunken driving. The evidence conclusively shows the appellant's lack of respect and almost total disregard for the terms and conditions of his probation, coupled with the commission of two additional criminal acts during the term of probation. The record also shows that the district court treated the appellant perhaps too leniently because it did extend his probation for a period of 3 months for a previous violation of the conditions of probation. The statute, section 28-601, R. R. S. 1943, provides for a penalty for forgery from 1 to 20 years. We observe that the sentence imposed is close to the minimum.

We have examined the other contentions of the appellant and they are without merit. Where a sentence has been imposed within statutory limits, it will not be disturbed in the absence of an abuse of discretion. No such abuse appears.

The judgment and sentence of the district court are correct and are affirmed.

AFFIRMED.